UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SAMUEL IKECHUKWU NNAMDI,

Petitioner,

v.

WARDEN, EDEN DETENTION CENTER, et al.,

Respondents.

No. 6:26-CV-248-H

**ORDER**

Before the Court is Samuel Ikechukwu Nnamdi's petition for a writ of habeas corpus. Dkt. No. 1. Nnamdi, a native and citizen of Nigeria, demands relief based on the the Fifth Amendment and the Suspension Clause. Dkt. No. 1.

The petition (Dkt. No. 1) is denied. Nnamdi's first two claims are fear-based claims that belong in the ongoing *D.V.D.* class action litigation. His frivolous Suspension Clause claim fails because the writ has not been suspended. And his conditions-of-confinement and warrantless-arrest claims are not cognizable in habeas. Nnamdi's detention is indisputably valid for the purpose of effecting his removal, and thus he is not entitled to relief.

**1. Background**

Nnamdi is a native and citizen of Nigeria who was ordered removed from the United States and granted withholding of removal from Nigeria. Dkt. No. 10 at 2. His order of removal became administratively final in January 2019. *Id.* That same month, he was released on an Order of Supervision and remained released until July 6, 2026, when he was taken into custody for the purpose of effecting removal. *Id.*

Soon thereafter, Nnamdi filed a petition for a writ of habeas corpus, a motion for temporary restraining order, and a motion to expedite his habeas proceedings. Dkt. Nos. 1; 2; 3. The petition states five claims for relief. His first two claims state that he lacks adequate notice and opportunity to be heard on his fear-based claims concerning his removal to Ghana. Dkt. No. 1 ¶¶ 52–73. His third claim argues that he is entitled to relief under the Suspension Clause. *Id.* ¶¶ 68–73. He asserts in his fourth claim that the respondents have subjected him to punitive or excessive restraints. *Id.* ¶¶ 74–81. Finally, he claims that he was arrested in violation of the Fourth Amendment. *Id.* ¶¶ 82–92.

The Court ordered the respondents to show cause why Nnamdi's petition should not be granted (Dkt. No. 5) and issued an order denying Nnamdi's motion for TRO but granting his motion to expedite (Dkt. No. 6). The respondents filed an answer (Dkt. No. 10), and Nnamdi replied (Dkt. No. 11), which he later corrected (Dkt. No. 13). The following day, Nnamdi filed a supplemental reply brief without leave of Court. Dkt. No. 14.[1]

## 2. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ

[1] Due to the urgent nature of this action, the Court will consider the improperly filed supplemental reply, as it describes additional late-breaking developments in this case.

to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

**3. Analysis**

**A. Because the Court assumes jurisdiction over Nnamdi's petition, the Suspension Clause is not implicated.**

As a preliminary matter, the Court exercises its statutory jurisdiction under 28 U.S.C. § 2241 to address the merits of Nnamdi's petition. Nnamdi's assertion of a claim invoking the Suspension Clause is therefore puzzling. Dkt. No. 1 ¶ 68–73. He does not explain, for example, which jurisdiction-stripping provision of the INA might be implicated by his claims, such that review would be unavailable. Seeing no merit to Nnamdi's Suspension Clause claim, the Court turns to the four remaining claims. *See also Livas v. Myers*, 455 F. Supp. 3d 272, 278 n.9 (W.D. La. 2020) (noting that "no cause of action arises under the Suspension Clause itself").

**B. Conditions-of-confinement claims are not cognizable in habeas.**

Next, Nnamdi alleges that the government is violating his substantive due process rights by placing him in restraints and failing to facilitate his access to counsel. Dkt. No. 1 ¶¶ 74–81. But habeas actions are limited to challenges to the validity of any confinement or to particulars affecting its duration, whereas civil-rights suits are used to challenge conditions of confinement. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). Thus, to the extent Ibrahim challenges his conditions of confinement, those arguments are properly reserved for an action under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

**C. Nnamdi's Fifth Amendment claim does not merit habeas relief.**

Nnamdi argues that his detention was preceded by a warrantless arrest without probable cause, in violation of the Fifth Amendment[2] and the INA. Dkt. No. 1 ¶¶ 82–92. However, he fails to explain why habeas is an appropriate remedy. As another judge in this circuit has explained, "habeas has traditionally been a means to secure release from unlawful detention," whereas "suppression of evidence is the typical remedy" for warrantless arrests. *See Kanda v. Cole*, __ F. Supp. 3d __ No. 5:26-CV-158, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026) (citation modified). And other cases considering similar purported violations in the removal context occur only after a "petitioner has exhausted [his] administrative remedies through Immigration Court and the Board of Immigration Appeals." *Lopez Ruiz v. Olson*, No. 4:26-CV-51, 2026 WL 483478, at *12 (W.D. Ky. Feb. 20, 2026) (collecting cases); *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 464 (W.D. Tex. 2011); *see also De La Paz v. Coy*, 786 F.3d 367, 376–77 (5th Cir. 2015) (detailing the DHS's regulatory scheme to address Fourth Amendment violations).

Once Nnamdi exhausts his administrative remedies for the purportedly unlawful arrest, he may obtain review in the Fifth Circuit. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Ruiz*, 2026 WL 483478, at *12–13. Today, however, this claim fails.[3]

**D. Nnamdi's fear-based claims belong in the *D.V.D.* class action.**

Finally, Nnamdi's petition asserts two claims stating that he lacks adequate notice and opportunity to be heard on his fear-based claims concerning his removal to Ghana. *Id.*

---

[2] Insofar as Nnamdi's claim invokes the Fourth Amendment, it fails for the same reasons.

[3] Further, insofar as Nnamdi states additional due-process or *Accardi* claims in his corrected reply brief, *see* Dkt. No. 13 at 8, those claims are not properly before the Court. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004).

¶¶ 52–73. As an alien subject to a final order of removal whom ICE plans to deport to a third country, Nnamdi is a member of the *D.V.D.* class. *See D.V.D. v. DHS*, 778 F. Supp. 3d 355, 378, 392–93 (D. Mass. 2025). The class in that litigation likewise seeks the same remedy as Nnamdi: an injunction ordering the respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *See id.* at 386. Accordingly, this Court should not interfere. *See Green v. McKaskle*, 770 F.2d 445, 446–47 (5th Cir. 1985) ("[E]quitable claims by members of the . . . class, which are comparable to those claims litigated and under ongoing review and supervision of the court in the . . . class action, should not be maintainable as individual causes of action."). Thus, to the extent Nnamdi objects to removal to Ghana for failing to have an adequate opportunity to present a fear-based claim, the proper place to do so is the *D.V.D.* litigation.

**4. Conclusion**

Nnamdi's fear-based claims belong in the *D.V.D.* class-action litigation, and the remainder of his claims fail on the merits. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on July 29, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE