UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SAMUEL IKECHUKWU NNAMDI,

Petitioner,

v.

WARDEN, EDEN DETENTION CENTER, et al.,

Respondents.

No. 6:26-CV-248-H

**ORDER**

Before the Court is Samuel Ikechukwu Nnamdi's Emergency Motion to Enforce Respondents' Three-Day Notice Commitment, for Temporary Administrative Stay, Injunction Pending Appeal, Release or Appropriate Custody, and Protection Against Further Transfer and brief in support. Dkt. Nos. 19; 20. The motion urges the Court to, among other things, "stay international removal until the Fifth Circuit can consider an emergency motion." Dkt. No. 19 at 2. The Court ordered the respondents to file an expedited response to the motion. Dkt. No. 21. The respondents did so, arguing that Nnamdi "failed to show any likelihood of success in this proceeding (or on appeal)." Dkt. No. 22 at 4. The Court agrees, and thus the motion (Dkt. No. 19) is denied.

Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal. *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 997 (5th Cir. 1988). Rule 62(c) provides an exception to this principle. Under Federal Rule of Civil Procedure 62(d), "[w]hile an appeal is pending from . . . a final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other

terms that secure the opposing party's rights." Courts consider several factors in determining whether to issue a stay pending appeal, including "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Each factor need not be given equal weight, and no one factor is dispositive, *id.* at 777, although "[t]he first two factors . . . are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

"'A stay is not a matter of right, even if irreparable injury might otherwise result,' and the propriety of issuing a stay depends on the circumstances of the particular case." *Texas v. United States*, No. 7:16-CV-054, 2016 WL 7852330, at *1 (N.D. Tex. Nov. 20, 2016) (quoting *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013)). It is within the trial court's discretion whether to grant a stay pending appeal. *Id.*

For the reasons given in the Court's prior order (Dkt. No. 16), Nnamdi fails to demonstrate any likelihood of success on the merits. The Court has considered and repeatedly rejected identical claims to those in his habeas petition in numerous prior cases.[1] Dkt. No. 16 at 3–5. The same goes for Nnamdi's revocation claim: The Court has repeatedly held that a writ of habeas corpus is not the appropriate remedy for mere procedural irregularities. *See, e.g.*, *Nguyen v. Noem*, 797 F. Supp. 3d 651, 663–65 (N.D. Tex.

[1] *See, e.g.*, *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Saint Paul v. Venturella*, No. 6:26-CV-129, Dkt. No. 19 at 7–8 (N.D. Tex. July 28, 2026); *Ibrahim v. Mullin*, No. 6:26-CV-083, Dkt. No. 11 at 5–6 (N.D. Tex. July 16, 2026); *Alsheref v. Noem*, No. 1:25-CV-190, 2025 WL 4220420, at *3–4 (N.D. Tex. Dec. 3, 2025); *Nasrabadi v. Villegas*, No. 1:25-CV-129, Dkt. No. 16 at 6–8 (N.D. Tex. Oct. 28, 2025).

2025). Having failed to prove a likelihood of success on the merits on appeal, Nnamdi "is not entitled to a stay pending appeal." *Schexnayder v. Entergy LA Inc.*, Civ. A. No. 03-2766, 2003 WL 25735531, at *2 (E.D. La. Dec. 19, 2003).

So ordered on July 31, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE